IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CHAVEZ-CEJA,<br><br>  Petitioner,<br><br>vs.<br><br>BERNIE WILLIS, WARDEN,<br><br>  Respondent.<br>_____ | 1:05-cv-01602-AWI WMW HC<br><br>FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 11] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss. Petitioner opposes the motion.

### BACKGROUND

On September 25, 1997, in the District of Kansas, a jury convicted Petitioner of possessing methamphetamine with intent to distribute, pursuant to 21 U.S.C. § 841(a)(1). On January 22, 1998, the court sentenced Petitioner to serve a term of 210 months imprisonment.

The court also placed Petitioner on five years of supervised release, and assessed a $100 penalty. Petitioner appealed his sentence and, on September 21, 1998, the United States Court of Appeals for the Tenth Circuit affirmed his conviction. United States v. Chavez-Ceja, 161 F.3d 18 (10th Cir. 1998).

On May 30, 2001, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On June 13, 2001, the district court denied Petitioner's § 2255 motion. On July 9, 2001, Petitioner filed a motion for reconsideration of the district court's denial of his § 2255 motion. The district court denied the motion for reconsideration on August 1, 2001. On September 12, 2002, Petitioner appealed this denial. The district court denied his request for a certificate of appealability. The Tenth Circuit also denied his request for a certificate of appealability and issued the mandate on April 25, 2003.

## LEGAL STANDARDS

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for

time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

**DISCUSSION**

Petitioner contends that the district court improperly assessed two criminal points for two prior misdemeanor convictions when it calculated the appropriate sentencing guideline range for him.  Specifically, Petitioner argues that he was denied the right to counsel when he pled guilty to the misdemeanors and that he is therefore entitled to be resentenced.  Petitioner

3

claims that he comes within the § 2241 savings clause, based on the decision in Shepard v. U.S., 544 U.S. 12 (2005).

Respondent moves to dismiss the petition on the ground that Petitioner cannot meet the requirements for the § 2241 savings clause under Ivy of showing actual innocence and that he never had the opportunity to raise his claim by motion to demonstrate that § 2255 is inadequate or ineffective.  In response to Respondent's claim that nowhere in his petition does Petitioner claim that he is innocent of the charges against him, Petitioner argues that he has alleged facts in his petition to prove that he is "actually innocent," having had his sentence  enhanced on the basis of two prior uncounseled convictions by adoption of the presentence report.

Petitioner's argument is without merit.  "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (*quoting* Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851 (1995)). "Actual innocence" means factual innocence, not mere legal insufficiency. Id.  Petitioner's simple repetition of this claim that his sentenced was enhanced based on uncounseled priors does not meet this standard.  Accordingly, the court concludes that Respondent is correct in asserting that Petitioner has failed to carry his burden of showing actual innocence.  Petitioner has therefore failed to show that the remedy under § 2255 is inadequate or ineffective.  He therefore cannot proceed to challenge the constitutionality of his sentence by means of this § 2241 petition.

Although the above analysis is sufficient to end the inquiry, the court further notes that  Shepard v. U.S., 544 U.S. 13 (2005), relied upon by Petitioner, does not support Petitioner's claim.  In Sheppard, the court addressed the type of evidence which may be properly used when considering if a defendant is an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  Petitioner was not sentenced pursuant to

the ACCA, thus <u>Sheppard</u> has no application to this case.

Based on the above, the court HEREBY RECOMMENDS as follows:

1)     that Respondent's motion to dismiss be GRANTED;

2)     that the petition for writ of habeas corpus be DISMISSED;

3)     that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 28, 2008                   /s/ **William M. Wunderlich**
                                                      UNITED STATES MAGISTRATE JUDGE