IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CHAVEZ-CEJA, ) | 1:05-cv-01602-AWI WMW HC |
| ) | |
| Petitioner, ) | ORDER ADOPTING |
| ) | FINDINGS AND |
| vs. ) | RECOMMENDATIONS RE |
| ) | MOTION TO DISMISS |
| ) | PETITION FOR WRIT OF |
| BERNIE WILLIS, WARDEN, ) | HABEAS |
| ) | |
| Respondent. ) | [Doc. 13, 14] |
| ) | |
| ) | |
| _____ ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On April 28, 2008, the Magistrate Judge filed findings and recommendations herein. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days. Petitioner filed objections on June 4, 2008.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has

conducted a de novo review of this case.   See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).   Petitioner objects that he has shown actual innocence because there is no record that he intelligently and voluntarily waived his right to counsel with respect to the two prior misdemeanor counts.  However, "actual innocence" is actual factual innocence, not just legal insufficiency of the evidence.  Bousley v. United States, 523 U.S. 614, 623 (1998); United States v. Ratigan, 351 F.3d 957, 965 (9th Cir. 2003).  Actual innocence is demonstrated if "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [the petitioner]."  Bousley, 523 U.S. at 623; Ratigan, 351 U.S. at 965.  Petitioner is simply arguing that no adequate waiver of counsel occurred, Petitioner has not shown that he is actually innocent in the sense that he did not commit the two prior misdemeanors.  See Ratigan, 351 F.3d at 965 ("Ratigan has not . . . attempted to show that he is actually innocent in the sense that the branch of the U.S. Bank he victimized was not federally insured on the date of his crime.").  Petitioner has not shown actual innocence.

Petitioner also objects to the Findings and Recommendation characterization of *Shepard*.  As the Findings and Recommendation correctly points out, Petitioner's inability to show actual innocence ends the inquiry.  Since it is not necessary to consider *Shepard*, the Court will not consider the issue at this time and will not adopt that portion of the Findings and Recommendation.

In light of the above, the court finds that the findings and recommendations are otherwise supported by the record and by proper analysis.

Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the

validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, it is HEREBY ORDERED  that:

1. The findings and recommendations issued by the Magistrate Judge on April 28, 2008, are adopted consistent with this order;
2. Respondent's motion to dismiss is GRANTED;
3. The Petition for Writ of Habeas Corpus is DISMISSED;
4. A certificate of appealability is DENIED;
5. The Clerk of the Court is directed to enter  judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   **June 16, 2008**          /s/ Anthony W. Ishii
                                    UNITED STATES DISTRICT JUDGE